FILED
2018 Aug-09 PM 02:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SEAN GADDIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-01155-VEH-TMP |
| | ) |
| WARDEN TAYLOR, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

The magistrate judge filed his report and recommendation on July 9, 2018, recommending the court dismiss petitioner's 28 U.SC.§ 2241 petition for habeas corpus relief. (Doc. 31). Petitioner filed objections on July 25, 2018. (Doc. 32). In his objections, petitioner restates his claim that he could not exhaust his administrative remedies because they were unavailable to him (doc. 32 at 1) and re-alleges his claim that prison officials violated his right to due process by wrongfully denying him a sentence reduction under the Residential Drug Abuse Program ("RDAP") pursuant to 18 U.S.C.§ 3621(e). (*Id*. at 1-2). However, petitioner fails to address the magistrate judge's conclusion that notwithstanding petitioner's failure to exhaust his administrative remedies, the petition is due to be dismissed because inmates have no constitutional right to, or other protected liberty interest in, participating in RDAP or receiving a sentence reduction for

completing such a program. *Cook v. Wiley*, 208 F.3d 1314, 1322-23 (11th Cir. 2000). Indeed, since § 3621(e) sentence reduction "is left to the unfettered discretion of the [Bureau of Prisons], the statute does not create a constitutionally protected liberty interest." *Id*. at 1323.

Having now carefully considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Accordingly, petitioner's claim for habeas corpus relief pursuant to 28 U.S.C.§ 2241 is due to be dismissed with prejudice. A separate order will be entered.

The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This court finds petitioner's claims do not satisfy either standard.

§

The Clerk is **DIRECTED** to mail a copy of the foregoing to the petitioner.

**DONE** this 9th day of August, 2018.

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge